AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | (For Offenses Committed On or After November 1, 1987) |
| MARCO ANTONIO CHAVEZ (1) | |

Case Number:  3:18-CR-02930-L

Stephen D Lemish
Defendant's Attorney

**FILED**

JUL 1 4 2020

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          DEPUTY

**USM Number**          76598-298

☐

THE DEFENDANT:

☒ pleaded guilty to count(s)     1 of the Indictment

☐ was found guilty on count(s)

after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 18:1347  Health Care Fraud | 1 |

The defendant is sentenced as provided in pages 2 through ___**6**___ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s)     Remaining counts          are     dismissed on the motion of the United States.

☒ Assessment :  $100.00 imposed

☐ JVTA Assessment*: $

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine          ☒ Forfeiture pursuant to order filed     5/7/2020          , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

July 13, 2020
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | MARCO ANTONIO CHAVEZ (1) | Judgment - Page **2** of **6** |
| CASE NUMBER: | 3:18-CR-02930-L | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
21 months

☐   Sentence imposed pursuant to Title 8 USC Section 1326(b).
☒   The court makes the following recommendations to the Bureau of Prisons:

     Incarceration in a facility which can address mental health treatment and medical conditions
     Residential Drug Abuse Program (RDAP)

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant must surrender to the United States Marshal for this district:

     ☐   at _____ A.M.    on _____

     ☐   as notified by the United States Marshal.

☒   The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☒   on or before 11/16/2020 at 2:00 PM

     ☐   as notified by the United States Marshal.

     ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

   Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| DEFENDANT: | MARCO ANTONIO CHAVEZ (1) | Judgment - Page **3** of **6** |
|---|---|---|
| CASE NUMBER: | 3:18-CR-02930-L | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
3 years

## MANDATORY CONDITIONS

1.  The defendant must not commit another federal, state or local crime.
2.  The defendant must not unlawfully possess a controlled substance.
3.  The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.

    ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)

4.  ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5.  ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6.  ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7.  ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

3:18-CR-02930-L

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | MARCO ANTONIO CHAVEZ (1) | Judgment - Page **4** of **6** |
| CASE NUMBER: | 3:18-CR-02930-L | |

# STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed   because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation   officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1.  The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2.  After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3.  The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4.  The defendant must answer truthfully the questions asked by their probation officer.

5.  The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6.  The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7.  The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8.  The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9.  If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | MARCO ANTONIO CHAVEZ (1) | Judgment - Page **5** of **6** |
| CASE NUMBER: | 3:18-CR-02930-L | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

2. Submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The offender must warn any other occupants that the premises may be subject to searches pursuant to this condition.

   An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

3. Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

4. Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

5. Provide complete disclosure of personal and business financial records to the probation officer as requested.

6. Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation until the fine or restitution is paid in full.

7. Notify the Collections Unit, United States Attorney's Office, before transferring any interest in property owned, directly or indirectly, including any interest held or owned under any other name, or entity, including a trust, partnership or corporation.

8. Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

//

AO 245S (CASD Rev. 08/13) Judgment in a Criminal Case

DEFENDANT: MARCO ANTONIO CHAVEZ
CASE NUMBER: 18-cr-02930-L

Judgment - Page 6 of **6**

## RESTITUTION

The defendant shall pay restitution in the amount of     **$783,764.37**          unto the United States of America.


Pay restitution in the amount of **$783,764.37**, through to the Clerk, U.S. District Court, to:

TRICARE, in careof the following:
Defense Health Agency
Resource Management Division (Finance and Accounting)
Attn: Contract Resource Management
16401 East Centeretech Parkway
Aurora, CA 80011- 9043

Payment of restitution shall be forthwith. During the defendant's
incarceration, the defendant shall pay restitution through the Inmate
Responsibility Program at the rate of 50% of the defendant's income, or
$25.00 per quarter, whichever is greater. The defendant shall pay the
restitution during supervised release at the rate of $200 per month. These
payment schedules do not foreclose the United States from exercising all legal
actions, remedies, and processes available to collect the restitution judgment.

Until restitution has been paid, the defendant shall notify the Clerk of
the Court and the United States Attorney's Office of any change in the
defendant's mailing or residence address, no later than thirty (30) days after
the change occurs.

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA
10   UNITED STATES OF AMERICA,          Case No.  18cr2930-L
11                Plaintiff,            PRELIMINARY ORDER OF
12        v.                            CRIMINAL FORFEITURE
13   MARCO ANTONIO CHAVEZ,
14                Defendant.
15

16        WHEREAS, in the Indictment in the above-captioned case, the United States
17   sought forfeiture of all right, title and interest in property of Defendant MARCO
18   ANTONIO CHAVEZ ("Defendant"), pursuant to 18 U.S.C. § 982(a)(7), as charged
19   in the Indictment; and
20        WHEREAS, on or about August 20, 2019, Defendant pled guilty before U.S.
21   Magistrate Judge Linda Lopez to Count 1 of the Indictment, which plea included
22   consent to the criminal forfeiture allegations of the Indictment, including an
23   agreement to forfeit to the United States the following assets, as well as a personal
24   money judgment against Defendant in the amount of $783,764.37, from which  the
25   net proceeds realized from the sale of the listed assets below will be deducted.  The
26   money judgment represents the amount of gross proceeds traceable to the
27   commission of the offense of Health Care Fraud, in violation of 18 U.S.C. § 1347,
28   //

which forfeiture shall be included and incorporated as part of the judgment in this case:

1) $10,858.80 in net proceeds realized from the interlocutory sale of a red 2016 Jaguar F-type vehicle, VIN SAJWA6ET9G8K24667l;

2) David Yurman sapphire pave tag, style #D15041MTBASA,

3) David Yurman diamond men's pave dog tag, style #D05037M88ADI,

4) David Yurman 20-inch men's small box chain necklace, style# CHO104M8820,

5) David Yurman grey sapphire 9-ring pave pinky ring, style# R15468MSSAES9,

6) David Yurman grey sapphire M-bracelet, box chain ID, style #B15555MSSAESM,

7) David Yurman sapphire 10-ring 6.5 MM, 2 row, style #R05780MSSASA10; and

WHEREAS, on September 4, 2019 this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and financial addendum, the United States has established the requisite nexus between the forfeitable properties and the offense; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the forfeitable properties, pursuant to 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the properties which were found forfeitable by the Court; and

WHEREAS, by virtue of the admissions of the Defendant set out in the plea agreement and guilty plea, the Court determined that $783,764.37 represents the

amount of gross proceeds traceable to the commission of the offense of Health Care Fraud, in violation of 18 U.S.C. § 1347, as charged in the Indictment; and

WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is now entitled to an Order of Forfeiture in its favor against the Defendant in the amount of $783,764.37 and the specific properties listed above pursuant to 18 U.S.C. § 982(a)(7) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, the Defendant has agreed that the provisions for the substitution of assets as provided in 21 U.S.C., § 853(p) exist and has agreed the United States may take actions to collect the forfeiture; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant MARCO ANTONIO CHAVEZ in the following properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

1) $10,858.80 in net proceeds realized from the interlocutory sale of a red 2016 Jaguar F-type vehicle, VIN SAJWA6ET9G8K24667l;

2) David Yurman sapphire pave tag, style #D15041MTBASA,

3) David Yurman diamond men's pave dog tag, style #D05037M88ADI,

4) David Yurman 20-inch men's small box chain necklace, style# CHO104M8820,

5) David Yurman grey sapphire 9-ring pave pinky ring, style# R15468MSSAES9,

- 3 -                                    18cr2930

6)  David Yurman grey sapphire M-bracelet, box chain ID,
    style #B15555MSSAESM,

7)  David Yurman sapphire 10-ring 6.5 MM, 2 row,
    style #R05780MSSASA10.

2.  The aforementioned forfeited assets are to be held by the United States Marshals Service in its secure custody and control.

3.  Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.  The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third party petitions filed with the Court and served upon the United States.  The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition.  The Court may enter an amended order without further notice to the parties.

4.  Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and

//

- 4 -                                                18cr2930

1  extent of the petitioner's right, title or interest in the forfeited property and any
2  additional facts supporting the petitioner's claim and the relief sought.

3      6.    The United States shall also, to the extent practicable, provide direct
4  written notice to any person known to have alleged an interest in the property that is
5  the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for
6  published notice as to those persons so notified.

7      7.    Upon adjudication of all third-party interests, this Court will enter an
8  Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the
9  aforementioned assets, in which all interests will be addressed.

10      IT IS FURTHER ORDERED, ADJUDGED AND DECREED:

11      8.    In addition to forfeiture of the specific assets described above,
12  Defendant MARCO ANTONIO CHAVEZ shall forfeit to the United States the
13  proceeds Defendant received from his offense of conviction in the amount of
14  $783,764.37, which shall be credited with the net amount of forfeited proceeds
15  realized from the sale of the specifically named assets provided no third party
16  successfully petitions for such items, which forfeiture is in favor of the United States
17  against Defendant MARCO ANTONIO CHAVEZ, with interest to accrue thereon in
18  accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961.

19      9.    This Court shall retain jurisdiction in the case for the purpose of
20  enforcing the order of forfeiture and collecting and enforcing the forfeiture.

21      10.   Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final
22  as to the Defendant at the time of sentencing and is part of the sentence and included
23  in the judgment.

24      11.   Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct
25  discovery to identify, locate, or dispose of directly forfeitable assets and substitute
26  assets against which this Order of Forfeiture may be enforced.

27  //

28  //

1        12.    The United States may, at any time, move pursuant to Rule 32.2(e) to

2    amend this Order of Forfeiture to substitute property having a value not to exceed

3    $783,764.37 to satisfy the forfeiture in whole or in part.

4        13.    The United States may take any and all actions available to it to collect

5    and enforce the forfeiture.

6        DATED: May 7, 2020

7

8    Hon. M. James Lorenz
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28